Scott E. Davis
State Bar No. 016160
SCOTT E. DAVIS, P.C.
20827 North Cave Creek Road, Suite 101
Phoenix, AZ  85024

Telephone:  (602) 482-4300
Facsimile:    (602) 569-9720
email: davis@scottdavispc.com

*Attorney for Plaintiff Amber Ragan*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Amber Ragan,<br><br>           Plaintiff,<br><br>      v.<br><br>Life Insurance Company of North America, Toyota Motor Sales, USA, Inc., Group Short Term Disability Plan for Employees of Toyota Motor Sales, USA, Inc.,<br>           Defendants. | Case No.<br><br>**COMPLAINT** |

Now comes the Plaintiff Amber Ragan (hereinafter referred to as "Plaintiff"), by and through her attorney, Scott E. Davis, and complaining against the Defendants, she states:

*Jurisdiction*

1.     Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. §§1132(e)(1) and 1132(f). Those provisions give the district courts jurisdiction to hear civil actions brought to recover employee benefits.  In addition, this action may be brought before this Court pursuant to 28

1  U.S.C. §1331, which gives the Court jurisdiction over actions that arise under the laws of
2  the United States.

### *Parties*

3.  
4.      2.    Plaintiff is a resident of Maricopa County, Arizona.

5.      3.    Upon information and belief, Defendant Toyota Motor Services, USA, Inc. (hereinafter referred to as the "Company") sponsored, subscribed to and administered a group disability insurance policy which was fully insured and administered by Life Insurance Company of North America (hereinafter referred to as "LINA"). The specific LINA policy is known as group policy SHD0985010. The Company's purpose in subscribing to the LINA policy was to provide disability insurance for its employees. Upon information and belief, the LINA policy may have been included in and part of the Group Short Term Disability Plan for Employees of Toyota Motor Sales, USA, Inc. (hereinafter referred to as the "Plan") which may have been created to provide the Company's employees with welfare benefits. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1).

    4.    Upon information and belief, the Company or Plan may have alternatively self insured the Short Term Disability Plan and delegated responsibility for plan and/or claim administration to LINA. Plaintiff believes that as it relates to her claim, LINA functioned in a fiduciary capacity as the Plan and/or Claim Administrator.

    5.    Upon information and belief, if LINA did fully insure the aforementioned short term disability policy, Plaintiff believes LINA operated under a conflict of interest in evaluating her claim due to the fact it operated in dual roles as the decision maker with regard to whether Plaintiff was disabled as well as the payor of benefits; *to wit,* LINA's conflict existed in that if it found Plaintiff was disabled it was also liable for payment of those benefits.

6. Upon information and belief, if LINA did not insure the aforementioned short term disability policy but was instead the plan and/or claim administrator of a self insured Plan, LINA operated under a conflict of interest in that it also fully insured and was the decision maker of its own long term disability group policy issued to the Company.

LINA's conflict existed in that if it determined Plaintiff was disabled for the entire short term disability timeframe, Plaintiff was then eligible to file a long term disability claim against LINA's fully insured policy. If LINA determined Plaintiff was also disabled pursuant to its long term disability policy, it would have then incurred significant liability and been required to pay Plaintiff disability benefits for an extended period. In denying Plaintiff's short term disability claim, LINA's conflict manifested in that it precluded Plaintiff from being eligible for long term disability benefits.

7. The Company, Plan and LINA conduct business within Maricopa County and all events giving rise to this Complaint occurred within Maricopa County.

*Venue*

8. Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391.

*Nature of the Complaint*

9. Incident to her employment, Plaintiff was a covered employee pursuant to the Plan and the relevant policy and a "participant" as defined by 29 U.S.C. §1002(7). Plaintiff seeks disability income benefits from the Plan and the relevant policy pursuant to §502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B) as well as any other employee benefits she may be entitled to as a result of being found disabled.

10. After working for the Company as a loyal employee, Plaintiff became disabled on or about May 20, 2010 due to serious medical conditions and was unable to work in her designated occupation as a Customer Service Representative. Plaintiff has

remained disabled as that term is defined in the relevant policy continuously since that date and has not been able to return to any occupation as a result of her serious medical conditions.

11. Following her disability, Plaintiff applied for short term disability benefits under the relevant Plan or LINA policy. The relevant short term disability policy provides the following definition of disability:

- Disability shall mean any physical or mental condition arising out of illness, pregnancy, or injury which renders the Participant continuously unable to perform the material duties pertaining to his other regular and customary occupation. During such time, the Participant must be unemployed and under the regular and continuous care of a licensed physician. However, a Participant shall not be considered disabled if the Employer can provide alternative employment that is within the capabilities of the Participant and that has the same status and compensation comparable to the Participant's regular occupation as determined solely by the employer.

12. In support of her claim for short term disability benefits, Plaintiff medical records to LINA from her treating physicians supporting her disability as defined by the relevant LINA policy.

13. LINA notified Plaintiff in a letter dated July 8, 2010 that it was denying her claim for short term disability benefits.

14. Pursuant to 29 U.S.C. §1133, Plaintiff timely appealed the July 8, 2010 denial of her short term disability benefits in a letter dated December 23, 2010. In support of her appeal, Plaintiff submitted to LINA additional medical, vocational and lay witness evidence demonstrating she met any definition of disability set forth in the relevant LINA policy.

15. In support of her appeal, Plaintiff submitted to LINA a narrative letter dated December 16, 2010 from her current treating board certified gastroenterologist and

hepatologist who opined that due her medical conditions and resulting symptoms and work limitations, Plaintiff had not been able to work in any occupation since May 20, 2010.

16. In further support of her appeal, Plaintiff submitted to LINA a Functional Capacity Evaluation Report dated November 24, 2010 which determined after an evaluation of Plaintiff's serious medical conditions that "[her] tests indicate inability to perform tasks, even at the <u>sedentary work level</u>, due to her restrictions and limitations" (original emphasis).

17. Further supporting her appeal, Plaintiff submitted to LINA a vocational report from a certified vocational expert dated February 1, 2011. The vocational expert concluded, "I conclude that [she] is unable to work in any full-time capacity in the open competitive labor market...her need for unscheduled, frequent breaks prohibits [her] from working in the competitive labor market even in a sedentary job."

18. In addition to the medical records and reports submitted to LINA, Plaintiff submitted a sworn affidavit from her mother who confirmed Plaintiff is unable to work in any occupation and her condition has not improved in any way since her date of disability.

19. As part of its review of Plaintiff's claim for short term disability benefits, LINA obtained a medical records only "paper review" of Plaintiff's claim from one of its Medical Directors. Upon information and belief, Plaintiff believes the Medical Director is a long time consultant for LINA and has an incentive to protect his/her own consulting relationship with LINA by providing paper reviews which selectively review or ignore evidence, such as occurred in Plaintiff's claim in order to provide opinions and report(s) which are favorable to LINA and which supported the denial of Plaintiff's claim.

20. In a letter dated April 22, 2011, LINA notified Plaintiff it had denied her appeal for short term disability benefits under the LINA policy. In the letter, LINA notified Plaintiff that she could file a civil action lawsuit in federal court pursuant to ERISA.

21. LINA failed to adequately investigate Plaintiff's case and failed to engage Plaintiff and/or her treating physician in a dialogue during the appeal of her claim with regard to what evidence was necessary so Plaintiff could perfect her appeal and claim. LINA's failure to investigate the claim and to engage in this dialogue or to obtain the evidence it believed was important to perfect Plaintiff's claim is a violation of ERISA and Ninth Circuit case law and a reason she did not receive a full and fair review.

22. Upon information and belief, LINA denied Plaintiff a lawful, full and fair review pursuant to ERISA for various reasons including but not limited to, failing to consider all evidence submitted by Plaintiff or de-emphasizing the medical evidence supporting Plaintiff's disability, disregarding Plaintiff's self-reported symptoms, failing to consider all the diagnoses and/or limitations set forth in her medical evidence as well as the combination of those diagnoses and impairments; failing to obtain an Independent Medical Examination when the Plan and/or policy allowed for one; failing to engage Plaintiff in a dialogue so she could submit the necessary evidence to perfect her claim and failing to consider the impact the side effects from Plaintiff's medications would have on her ability to engage in any occupation.

23. In evaluating Plaintiff's claim on appeal, LINA had an obligation pursuant to ERISA to administer Plaintiff's claim "solely in her best interests and other participants" which it failed to do.[1]

---

[1] It sets forth a special standard of care upon a plan administrator, namely, that the administrator "discharge [its] duties" in respect to discretionary claims processing "solely in the interests of the participants and beneficiaries" of the plan, § 1104(a)(1); it simultaneously underscores the particular importance of accurate claims processing by insisting that administrators "provide a 'full and fair review' of claim denials," Firestone, 489 U.S., at 113, 109 S. Ct. 948, 103 L. Ed. 2d 80 (quoting § 1133(2)); and it supplements marketplace and regulatory controls with judicial review of individual claim denials, see § 1132(a)(1)(B). *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2350 (U.S. 2008).

24. Plaintiff believes one reason LINA provided an unlawful review which was neither full nor fair and that violated ERISA, specifically, 29 U.S.C. § 2560.503-1, is due to its aforementioned conflicts of interest. Plaintiff believes LINA's conflict of interest is evident in the fact that if it found she met the definition of short term disability in the self insured Plan or its policy and Plaintiff exhausted those benefits, LINA would then be confronted with the potential of paying her for many years pursuant to the long term disability claim it insured and issued to the company. Due to its conflict of interest, when LINA denied Plaintiff's short term disability claim it saved a significant sum of money.

25. Plaintiff is entitled to discovery regarding LINA's aforementioned conflicts of interest and any individual who reviewed her claim and the Court may properly weigh and consider evidence regarding the nature, extent and effect of *any* conflict of interest which may have impacted or influenced LINA's decision to deny her claim.

26. With regard to whether Plaintiff meets the definition of disability set forth in the Plan, the Court should review the evidence in Plaintiff's claim *de novo,* because even if the Court concludes the Plan confers discretion to LINA, its unlawful violations of ERISA committed during the review of Plaintiff's claim as referenced herein are so flagrant they justify *de novo* review.

27. As a direct result of LINA's decision to deny Plaintiff's disability claim she has been injured and suffered damages in the form of lost short and long term disability benefits, in addition to other potential employee benefits she may have been entitled to receive through or from the Plan and/or Company as a result of being found disabled.

28. As referenced herein, since exhausting short term disability benefits pursuant to the Plan was a pre-requisite for Plaintiff to be eligible for long term disability benefits,

1 LINA's denial of her short term disability claim precluded her eligibility for long term
2 disability benefits pursuant to the LINA long term disability policy.  At present, but for
3 LINA's erroneous denial of her short term disability claim she would now be eligible for
4 long term disability benefits.  Therefore, Plaintiff also seeks a determination in this
5 litigation that she is eligible for long term disability benefits pursuant to the LINA long
6 term disability policy since the evidence submitted to LINA proves she meets both the
7 short and long term definitions of disability in the respective Plan and LINA policy.

8   29. Pursuant to 29 U.S.C. §1132, Plaintiff is entitled to recover unpaid benefits,
9 prejudgment interest, reasonable attorney's fees and costs from Defendants.

10   30. Plaintiff is entitled to prejudgment interest at the rate of 10% per annum
11 pursuant to A.R.S. §20-462, or at such other rate as is appropriate to compensate her for
12 losses she incurred as a result of Defendants' unjustified denial of payment of benefits.

13   WHEREFORE, Plaintiff prays for judgment as follows:

14   A. For an Order finding that Plaintiff meets any definition of disability set
15 forth in both the short term disability Plan and the LINA long term disability policy.  For
16 an Order requiring Defendants to pay Plaintiff short and long term disability benefits and
17 any other employee benefits she may be entitled to as a result of being found disabled
18 pursuant to the aforementioned Plan and/or LINA long term disability policy, from the
19 date she was first denied these benefits through the date of judgment and prejudgment
20 interest thereon, as well as any other employee benefits she may be entitled to from the
21 Plan and/or Company as a result of being found disabled;

22   B. For an Order requiring Defendants to continue paying Plaintiff the
23 aforementioned benefits until such time as she meets the conditions for termination of
24 benefits;

25
26

1. C. For attorney's fees and costs incurred as a result of prosecuting this suit pursuant to 29 U.S.C. §1132(g); and

    D. For such other and further relief as the Court deems just and proper.

    DATED this 27th day of July, 2011.

    SCOTT E. DAVIS. P.C.

    By: */s/ Scott E. Davis*
    Scott E. Davis
    Attorney for Plaintiff